**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **PORTUS SINGAPORE PTE LTD AND PORTUS PTY LTD.** | |
| Plaintiffs, | **Civil Action No. 3:19-cv-310** |
| v. | **JURY TRIAL DEMANDED** |
| **VIVINT, INC.,** | |
| Defendant. | |

## PLAINTIFFS' ANSWERING BRIEF IN SUPPORT OF THEIR RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT WITH PREJUDICE

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL BACKGROUND ......................................................................... 1

III.   ARGUMENTS AND AUTHORITIES ......................................................... 3

  a.   Rule 12(b)(6) Standard ......................................................................... 3

  b.   Defendant's Motion should be denied as the Amended Complaint States a Plausible Claim for Direct Infringement. .......................................................... 5

     i.   Defendant's Motion should be Dismissed as Moot as Plaintiff has Served its Local Patent Rule 3-1 Disclosures ........................................................ 5

     ii.   Plaintiffs' Complaint Affirmatively Alleges that Defendant Directly Infringes by Using the Accused Instrumentalities ......................................................... 6

     iii.   Plaintiffs' Amended Complaint Shows that Defendant and its End-Users Directly Benefit ........................................................................................ 8

     iv.  The Amended Complaint More that Adequately Shows how Each and Every Element of the Asserted Claims is Met. ............................................... 9

  c.   Defendant's Motion should be denied as the Amended Complaint Provides More than Adequate Notice Regarding Induced Infringement ................................. 12

IV.   CONCLUSION ........................................................................................... 16

## TABLE OF AUTHORITIES

**Cases**

*Achates Reference Pub., Inc. v. Symantec Corp.*,
  2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ........................................................ 16

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................... 3, 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ..................................................................................... 3, 4, 5

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*,
  631 F.3d 1279 (Fed. Cir. 2011) ...................................................................... 8, 9

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*,
  776 F.3d 1343 (Fed. Cir. 2014) ............................................................................. 3

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
  2015 U.S. Dist. LEXIS 107354 (E.D. Tex. 2015)........................................... 14, 16

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012) .......................................................................... 14

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007).................................................................................. 4

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
  870 F.3d 1320 (Fed. Cir. 2017) ............................................................................. 9

*Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010).................................................................................. 4

*Lyn-Lea Travel Corp. v. Am. Airlines*,
  283 F.3d 282 (5th Cir. 2002).................................................................................. 5

*MAZ Encryption Techs. LLC v. BlackBerry Ltd.*,
  2016 U.S. Dist. LEXIS 191607 (E.D. Tex. June 7, 2016) ................................ 6, 12

*MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*,
  420 F.3d 1369 (Fed. Cir. 2005)............................................................................ 14

*Oliver v. Scott*,
  276 F.3d 736 (5th Cir. 2002).................................................................................. 1

*Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
  2014 WL 1233040 (E.D. Tex. Mar. 24, 2014)..................................................... 16

*Whitley v. Hanna*,
  726 F.3d 631 (5th Cir. 2013).................................................................................. 4

**Rules**

Fed. R. Civ. P. 12 ........................................................................................................... 4

Fed. R. Civ. P. 15 ........................................................................................................... 5

Fed. R. Civ. P. 8 ........................................................................................................ 1, 3

## I.   INTRODUCTION

Plaintiffs' Portus Singapore PTE Ltd and Portus PTY Ltd (collectively, "Plaintiffs") submit this Answering Brief in Support of their Response in Opposition to Defendant Vivint, Inc.'s ("Defendant") Motion to Dismiss Plaintiffs' Amended Complaint with Prejudice ("Motion") (Dkt. No. 23) and Memorandum in Support of its Motion ("Memo") (Dkt. No. 24).  Defendant's Motion should be denied as it cannot in good faith argue that it lacks notice of the basis for Plaintiffs' claims for direct and induced infringement as Plaintiffs served their Local Patent Rule 3-1 and 3-2 disclosures on June 19, 2019, rendering Defendant's Motion effectively moot.  However, even if this Court were to ignore this fact, Defendant's Motion must still be denied as Plaintiffs' Amended Complaint more than satisfies the pleading requirements of Fed. R. Civ. P. 8(a)(2).

The Amended Complaint incorporates the Asserted Patents as attachments, identifies every asserted claim of the Asserted Patents, identifies the accused devices, and details how each and every asserted claim is infringed by the accused devices.  This is far above and beyond the requirements provide defendants with "fair notice of what plaintiff's claim is and the grounds upon which it rests." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).  Furthermore, the Amended Complaint alleges that since at least the date of the filing of the Original Complaint, February 6, 2019, Defendant has been, aware of the Asserted Patents, aware of Plaintiffs' claims of infringement, and aware that its customers' acts constituted direct infringement of the Asserted Patents.

## II.   FACTUAL BACKGROUND

On February 6, 2016, Plaintiffs filed suit against Defendant alleging that Defendant's Vivint Smart Hub infringed claims 1, 3, 4, 5, 12, 17, 18, 22, 23, 25, 44, 45, 46, 49, 50, 54, 58 and 59 of U.S. Patent No. 8,914,526 (the "'526 Patent") and claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 15, 16, 17, 18, 19, 20, 21, and 22 of U.S. Patent No. 9,961,097 (the "'097 Patent") (collectively, the "Asserted

Patents").  Plaintiffs alleged that Defendant directly infringed the claims of the Asserted Patents by making, using, selling and/or offering for sale the Vivint Smart Hub.  *See* Pls.' Original Complaint ¶¶ 19-61.  The Original Complaint listed each asserted claims, included an allegation that the Smart Hub infringed the claim and cited to the attached Exhibits A-1 and B-1 which contained specific factual evidence showing how each element of each asserted claims was met by the Smart Hub, as well as including copies of the Asserted Patents as Exhibits A and B.  *See* (Dkt. Nos. 1-1, 1-2, 1-3, and 1-4).  Additionally, the Original Complaint contained factual allegations that put Defendant notice of the existence of the Asserted Patents, that the use of the Accused Instrumentality infringes the Asserted Patents, that Defendant's end-user customers were directly infringement the claims of the Asserted Patents, and that Defendant's acts of providing advertising of the infringing features as well as instructions and support designed to induce its customers to use those feature, would in fact induce those customers to infringe the asserted claims of the Asserted Patents.  *Id.* at ¶¶ 62-69.

On May 8, 2019, Defendant filed a motion to dismiss.  On May 29, 2019, Plaintiffs filed their Amended Complaint (Dkt. No. 19) which further expanded on the allegations of the Original Complaint and included detailed factual allegations of how each element of each asserted claim was met by Vivint SmartHome with Vivint Smart Hub (the "Accused Instrumentality").  The Amended Complaint contains a detailed description of exactly how Defendant's Accused Instrumentality infringes each of the asserted claims of the Asserted Patents.  *See Id.* at ¶¶ 20-37, 41-59.  Furthermore, the Amended Complaint specifically alleged that since February 6, 2019, Defendant has had knowledge of the Asserted Patents, knowledge that its products infringe the claims of the Asserted Patents, and has continued to induce its customers to infringe those claims since at least the filing of the Original Complaint on that date.  *See Id.* at ¶¶ 62-69.  On June 12,

2

2019, Defendant's filed this Motion.  On June 19, 2019, Plaintiffs served their Local Patent Rule 3-1 and 3-2 disclosures upon Defendant, including the detailed charts required by Local Patent Rule 3-1(a)(3).  These charts totaled more than two hundred and fifty pages which provided Plaintiffs' detailed infringement contentions, showing where every element of the asserted claims of the Asserted Patents is found in the Accused Instrumentality.

### III.    ARGUMENTS AND AUTHORITIES

#### a.    Rule 12(b)(6) Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8, a pleading must contain "(1) a short and plaint statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The Federal Circuit has held that Rule 12(b)(6) motions are reviewed "under the law of the regional circuit." *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat'l Ass'n*, 776 F.3d 1343, 1346 (Fed. Cir. 2014).  All that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545.  As the United States Supreme Court has explained in both *Twombly* and *Iqbal*, Rule 8 does not require "detailed factual allegations" but merely that the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678; *citing Twombly*, 550 U.S. at 555.  The complaint must be facially plausible or contain enough "factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ruling on a Fed. R. Civ. P. 12(b)(6) motion requires a two-prong approach.  First, the court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.  However, the court must accept "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Vanderbrook v. Unitrin Preferred Ins. Co. (In re Katrina Canal Breaches Litig.)*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013) (holding same).  In deciding a Rule 12(b)(6) motion the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint*." Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).  Where, as is the case here, the Complaint contains sufficient "facts to state a claim for relief that is plausible on its face" it will survive a motion to dismiss.  *Twombly*, 550 U.S. at 570.

In short, only a "plausible" claim is needed to support the allegations in the complaint. It must in other words, state facts constituting a legal cause of action, and provide notice to the defendant of the substance of the claims.  Should a complaint fail to provide adequate notice, the correct remedy is to allow the party to file an amended complaint.  *See* Fed. R. Civ. P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely grant leave when justice so requires."); *see also Lyn-Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002) ("Federal Rule of Civil Procedure 15(a)  requires the trial court to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.").

### b. Defendant's Motion should be denied as the Amended Complaint States a Plausible Claim for Direct Infringement.

Defendant's Motion must be denied as Plaintiffs' Amended Complaint more than adequately alleges that not only do Defendant's customers directly infringe the asserted claims of the Asserted Patents, but it clearly and unambiguously contains factual allegations related to Defendant's direct infringement of the Asserted Patents. Amended Complaint at ¶¶ 20-37, 41-59. Furthermore, the Amended Complaint clearly establishes that Defendant, as well as its end-user customers, directly place the Accused Instrumentality into operation, and therefore receive the benefit. *Id.* Finally, the Amended Complaint provides detailed factual allegations and direct factual evidence included in the attached exhibits A-1 and A-2 which clearly establish that the Accused Instrumentality meets every limitation of each asserted claim of the Asserted Patents. Defendant's arguments to the contrary are unfounded at best, if not outright false, and are directly contradicted by the allegations contained in the Amended Complaint which must be taken as true at the Rule 12(b)(6) stage. As such, Defendant's Motion must be denied.

### i. Defendant's Motion should be Dismissed as Moot as Plaintiff has Served its Local Patent Rule 3-1 Disclosures

First and foremost, Defendant's Motion should be denied as moot. In this District, Miscellaneous Order No. 62 controls the all patent cases. Specifically, Miscellaneous Order No. 62 requires that parties asserting infringement of a patent serve on the other party their Disclosure of Asserted Claims and Preliminary Infringement Contentions "not later than 10 days after the initial case management conference". Miscellaneous Order No. 62 at ¶ 3-1. Further, the party asserting infringement is required to produce "[a] chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality". *Id.* Defendant's Motion is thus moot, as Plaintiffs have already served their Local Patent Rule 3-1 and 3-2 disclosures on June 19, 2019. This Court has denied a similar motion under nearly identical

factual circumstances.  *See MAZ Encryption Techs. LLC v. BlackBerry Ltd.*, Civil Action No. 6:15-cv-1167-RWS-JDL, 2016 U.S. Dist. LEXIS 191607, *10 (E.D. Tex. June 7, 2016) (Denying motion to dismiss where the plaintiff's complaint contained nearly identical factual allegations and where the plaintiff had already served its Local P.R. 3-1 and 3-2 infringement contentions).  As such, this Court must deny Defendant's Motion as it cannot in good faith claim that Plaintiffs' Amended Complaint fails to state a plausible claim for relief, and it has already received detailed infringement contentions showing how each element of each asserted claim is met by the Accused Instrumentality.

### ii.  Plaintiffs' Complaint Affirmatively Alleges that Defendant Directly Infringes by Using the Accused Instrumentality

Defendant's Motion should be denied as the Amended Complaint contains specific factual allegations regarding the direct infringement of Defendant.  In contrast, Defendant's Motion is built largely upon a willful blindness to the actual factual allegations contained in the Amended Complaint.  For example, Defendant's argument that it does not directly infringe the claims of the Asserted Patents rests entirely upon a flawed reading of the Amended Complaint.  Memo at 9 ("To begin, the Amended Complaint alleges that the customer's device constitutes a part of the system claimed in the asserted patents . . . Plaintiffs instead allege only that Vivint's customers—not Vivint—use the required 'smartphone, tablet, or computer' to put the claimed system into use[.]") (emphasis in original).  These statements form the crux of Defendant's argument that it does not directly infringe.  These statements are simply false.  For example, the Amended Complaint is replete with factual allegations that "Defendant, its resellers, or end-user customers, use the Accused Instrumentality".  Amended Complaint at ¶¶ 20-37, 41-59 (emphasis added).  Furthermore, Defendant's Motion intentionally attempts to rewrite select portions of the Amended Complaint in order to claim something which is simply untrue.  For example, Defendant repeatedly

argues that the Amended Complaint alleges that "Vivint's Customers" perform the actions.  Memo at 9 ("[T]he Amended Complaint alleges that <u>Vivint's Customers</u> enter a URL . . . on their 'smartphone, tablet, or computer,' <u>the customers</u> enter their usernames and passwords; <u>the customers</u> query Vivint's extranet; <u>the customers</u> remotely access their home networks".) (emphasis in original).  Defendant's act of inserting and underlying of the word "customers" only serves to prove the falsity of its claims.  For example, the Amended Complaint simply *does not say* that "<u>Vivint's Customers</u> enter a URL".  It says quite clearly that "When <u>Defendant</u>, its resellers, or end-user customers, use the system <u>they</u> directly infringe claim 1 of the '526 Patent" and that the "a smart phone, table, or computer with an internet browser is <u>used by Defendant</u>, its resellers, or end users".  Amended Complaint at ¶ 20 (emphasis added).  The Amended Complaint clearly states that Defendant *uses* the Accused Instrumentality.  The remaining allegations use the pronoun "user".  This commonly used English word clearly and unequivocally includes all of the early mentioned "users" (*i.e.,* "Defendant, its resellers, or end-user customers") including Defendant.  For Defendant to attempt to claim that the complaint's usage of the word "users" somehow only includes "Vivint's Customers" is false.

Defendant's reliance on *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279 (Fed. Cir. 2011) is equally misleading.  Memo at 10.  In *Centillion* the Federal Circuit addressed "use" of a system where "the accused infringer does not directly interact with the other component."  *Id.* at 1283.  The Federal Circuit held that "use" simply requires that the user "put the system into service", *i.e.* "controls the system and obtains benefit from it."  *Id.* at 1284-85.  Defendant's argument that it does not "use" the system rests on its faulty assumption that Plaintiffs have not alleged that Defendant uses the system, but that its customers do instead.  Memo at 10.  As shown above, this assumption is plainly false and directly contradicted by the factual

allegations contained in the complaint, which must be taken as true at the Rule 12(b) stage.  As such, *Centillion* fails to save Defendant's arguments.  Defendant "uses" the system, *i.e.*, it places the system into operation and obtains a benefit from it.  Amended Complaint at ¶¶ 20-37, 41-59.

### iii.   Plaintiffs' Amended Complaint Shows that Defendant and its End-Users Directly Benefit

Defendant doubles down on its reliance on *Centillion* to argue that the Amended Complaint does "not allege any facts that plausibly establish that Vivint—or anyone else—benefits from the claimed system elements."  Memo at 11.  Defendant also cites to *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017) for further support.  Memo at 10.  However, *Intellectual Ventures I*, simply held that "to use a system, a person must control (even if indirectly) and benefit from each claimed component."  *Intellectual Ventures I*, 870 F.3d at 1329.  Again, Defendant has attempted to ignore elements of the Amended Complaint that clearly allege that Defendant—and its customers—use the Accused Instrumentality.  As such, there can be no debate that the Amended Complaint alleges that Defendant "controls… and benefits from each claimed component."  *Id.* at 1229; Amended Complaint at ¶¶ 20-37, 41-59.  The benefit obtained from the use of the Accused Instrumentality is readily apparent from the claims and is pointed out in the Amended Complaint.  For example, by using the Accused Instrumentality, Defendant—and its customers—can remotely monitor and control networked devices.  Amended Complaint at ¶ 20.  Every claim of the Asserted Patents is directed to this feature, which is unquestionably beneficial to the user.  Furthermore, the Amended Complaint alleges that Defendant uses the Accused Instrumentalities, therefore "put[ing] the invention into service".  *Centillion*, 631 F.3d at 1284.  Defendant's argument to the contrary is rendered demonstrably false by the allegations of the Amended Complaint—which must be taken as true at the Rule 12(b)(6) stage—and therefore Defendant's Motion must be denied.

8

### iv.  The Amended Complaint More that Adequately Shows how Each and Every Element of the Asserted Claims is Met.

Defendant's Motion also argues—equally unconvincingly in the face of the factual allegations of the Amended Complaint—that the Amended Complaint fails to show how the Accused Instrumentalities meet every limitation of the asserted claims.[1]  Memo at 12.  Defendant's arguments should be roundly rejected by this Court as they would require that a complaint go far beyond stating a "plausible" claim for relief.[2]  In point of fact, the Amended Complaint goes far beyond simply providing reasonable notice and a plausible claim for relief.  First, it attached copies of the Asserted Patents.  Second, it describes the Asserted Patents in detail.  Amended Complaint at ¶¶ 7-18.  Third, the Amended Complaint identifies without ambiguity every claim of the Asserted Patents which Defendant's Accused Instrumentalities are accused of infringing.  Amended Complaint at ¶¶ 12 and 18.  Finally, the Amended Complaint describes in detail how the Accused Instrumentality meets every element of each and every asserted claim and provides the attached Exhibits A-1 and B-1 which contained publicly available information supporting Plaintiffs' infringement claims.  *Id.* at ¶¶ 20-37, 41-59.

For example, the Amended Complaint states:

> When Defendant, its resellers, or end-user customers, use the Accused Instrumentality, they directly infringe claim 1 of the '526 Patent. It is a system for remote access of home networks in respective user premises comprising: an Internet browser hardware device including a processor running an Internet browser (*e.g.*, a smartphone, tablet, or computer with an internet browser is used by Defendant, its resellers, or end users); an extranet located external to said user premises and accessible via said Internet browser (*e.g.*, it includes a server which is located outside of the user premises); a plurality of connection gateways each comprising a hardware processor (*e.g.*, Smart Hub), each of at least a subset of which is located in a respective one of the user premises and is part of the

---

[1] As discussed above, Defendant's entire argument is moot in the face of Plaintiffs' Local Patent Rule 3-1(a) disclosures.

[2] This approach would also render Local Patent Rule 3-1 and 3-2 entirely meaningless.

respective home network of the respective user premises (*e.g.*, individual Smart Hubs are located at the premises of different users); and at least one communications server that each comprises a hardware processor located in said extranet and adapted to interconnect on demand with said connection gateways (*e.g.*, a server adapted to connect to Smart Hubs when a user logs into their account); wherein: each of the at least the subset of the plurality of connection gateways is accessible by the at least one communications server and is communicatively coupled to one or more networked components of the respective home network in which the respective connection gateway is located (*e.g.*, each Smart Hub is connected to one or more networked components such as motion, window, and door sensors), the at least one communications server not being communicatively coupleable to the one or more networked components of the respective home network (*e.g.*, the server connects to the Smart Hub which connects to the networked components through the home network); and responsive to user input of a Uniform Resource Locator (URL) in accordance with which said Internet browser accesses a predetermined address on said extranet to which address the URL corresponds, in which accessing said Internet browser provides authorization data, one of said at least one communications server subsequently (*e.g.*, when a enters the URL of the server, it accesses the server's IP address corresponding to the URL): determines which one of said home networks in which one of said connection gateways is located said authorization data  indicates authority to at least one of control and monitor (*e.g.*, when a user logs in using the username and password, it determines which Vivint device to access); and creates a new communications session  between said communications server and said one of said connection gateways located in said determined one of said home networks to at least one of control and monitor operation of at least one service in said home network, by which communications session the extranet (*e.g.*, when a user enters their username and password, the server connects to the Smart Hub/Vivint devices): obtains information contained within the home network from the connection gateway of the determined home network (*e.g.*, it obtains information from the networked devices such as motion, window, and door sensors and video cameras); and serves a webpage to the Internet browser via which the information from the connection gateway of the determined home network is provided to said Internet browser (*e.g.*, the server sends a webpage to the user's web browser which contains information from the Smart Hub). *See* Ex. A-1 Figs. 1-24 for factual support.

Amended Complaint at ¶ 20.  While lengthy, the above clearly shows—in the parentheticals—

how the Accused Instrumentality meets each claim element.  *Id.*  For example, it identifies the

extranet "*e.g.*, a served which is located outside the user premises," the communications server, "*e.g.*, a server adapted to connect to Smart Hubs when a user logs into their account," the processor running an internet browser, "*e.g.*, a smartphone, tablet, or computer with an internet browser is used by Defendant," the plurality of gateways, "*e.g.*, [the] Smart Hub," and the networked components, "*e.g.*, . . . motion, window, and door sensors." *Id.* As such, Defendant's arguments that the "Amended Complaint still fails to plausibly allege that the accused system meets each element of the asserted claims" is specious at best. Memo at 13. Similarly, its arguments that the Amended Complaint fails to identify the claimed "extranet" and "communications server" are equally unfounded. Memo at 13. The Amended Complaint alleges that the Accused Instrumentality includes both the communications server and an extranet. Amended Complaint at ¶ 20. The simple fact of the matter is that Plaintiffs have included specific factual allegations as to both elements, and this is more than sufficient at the pleading stage. *See MAZ Encryption*, 2016 U.S. Dist. LEXIS 191607, at *9 ("Allegations to the level of detail contained in infringement contentions are not required at the pleading stage"). Defendant's argument that "Plaintiffs appear to be conflating apps with browsers" is without merit for similar reasons. Memo at 13. For example, the allegations in the Amended Complaint state unambiguously that "a smartphone, tablet, or computer with an internet browser is used by Defendant, its resellers, or end users" and that "when a enters the URL of the server, it accesses the server's IP address corresponding to the URL". *Id.* Defendant next attempts to argue that "none of the figures show user entry of a URL." Memo at 13. This argument is yet another example of Defendant attempting to twist the factual record beyond recognition. For example, Fig. 7 of Exhibit A-1, reproduced below, is a screen capture of Defendant's very own website, which is accessed via a web browser, and which *requires a user enter a URL.* Amended Complaint Ex. A-1, Fig. 7.

11



Amended Complaint, Ex. A-1, Fig. 7.   Furthermore, Fig. 6 of Exhibit A-1, which appears *immediately* before Fig. 7, clearly states that "You can access your system online by logging in to account.vivint.com and click on Control my home."   *Id.* at Fig. 7.   For Defendant to claim that "none of the figures show user entry of a URL" is disingenuous at best, and Defendant's Motion should be denied on this basis alone.

> **c.   Defendant's Motion should be denied as the Amended Complaint Provides More than Adequate Notice Regarding Induced Infringement**

For the reasons addressed above, Defendant's argument that the Amended Complaint fails to establish a plausible claim for direct infringement against Defendant's end-users also fails.   As shown above, the Amended Complaint more than adequately pleads direct infringement against Defendant's end-users.   Amended Complaint at ¶¶ ¶¶ 20-37, 41-59.   Furthermore, the Amended Complaint only alleges induced infringement on the part of Defendant since the filing of the Original Complaint, February 6, 2019.   The filing of the Original Complaint and the detailed allegations of both direct and induced infringement put Defendant on notice of the Asserted Patents. It also notifies Defendant of Plaintiffs' claims for direct infringement, and that Defendant's customers directly infringed the asserter claims of the Asserted Patents.   As such, the

Amended Complaint sufficiently establishes a plausible claim for induced infringement against Defendant and Defendant's Motion should therefore be denied.

"A claim for induced infringement under 35 U.S.C. § 271(b) requires: proof 1) of an act of direct infringement by another; and 2) that the defendant knowingly induced the infringement with the specific intent to encourage the other's infringement." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 U.S. Dist. LEXIS 107354, at *9 (E.D. Tex. 2015) (citing *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005)). To survive a motion to dismiss, a complaint "must: 1) adequately plead direct infringement by defendant's customers; 2) contain facts plausibly showing that defendant specifically intended for its customers to infringe the asserted patents; and 3) contain facts plausibly showing that defendant knew that the customer's acts constituted infringement." *Id.* at * 10 (citing *R+L Carriers, Inc. v. DriverTech LLC (In re Bill of Lading Transmission & Processing Sys. Patent Litig.)*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

Here, the Amended Complaint more than meets the standard set forth in *In re Bill of Lading*. First, as discussed extensively above, it more than adequately provides a plausible claim for direct infringement on the part of Defendant's end users. *Supra* at 6-12; *see also* Amended Complaint at ¶¶ 20-37, 41-59 ("When Defendant, its resellers, or end-user customers, use the Accused Instrumentality, they directly infringe claim 1 of the '526 Patent."). Furthermore, the Amended Complaint conclusively shows that Defendant's end-user customers directly benefit from the Accused Instrumentality, *e.g.*, they place the system into operation and obtain the benefit (*e.g.*, being able to remotely monitor and control networked components within their premises). *Id.* at ¶ 20 (Showing that when the user accesses the system, *i.e.*, places it into operation, a web page is served which "contains information from the Smart Hub."). Therefore, Defendant's

13

arguments that the Amended Complaint fails to allege "that anyone benefits from each and every element" is specious at best and requires one to intentionally misread the allegations contained in the Amended Complaint.

Defendant next attempts to argue that the Amended Complaint should be dismissed as it "fails to allege any facts from which an inference could be drawn that Vivint had pre-suit knowledge of the asserted patents." Memo at 16. This argument should be outright rejected as the Amended Complaint simply does not claim that Defendant had pre-suit knowledge or even alleges pre-suit inducement. In fact, the Amended Complaint quite clearly and unambiguously states that Defendant has been inducing infringement on the part of its customers "since at least February 6, 2019, the date of the filing of the Original Complaint." Amended Complaint at ¶ 62. Numerous other factual allegations within the Amended Complaint make this fact abundantly clear. For example, the Amended Complaint also states

> Defendant has had knowledge of the Asserted Patents since at least February 6, 2019, the date of the filing of the original complaint, and actually induces others, such as resellers and end-use customers, to directly infringe by using, selling, supplying, and or distributing the Accused Instrumentality within the United States. Defendant is aware since at least February 6, 2019. that such actions would induce actual infringement.

*Id.* at ¶ 62. And that

> When end-users follow such instructions and support, they directly infringe the Asserted Patents. Defendant knows or should have known, since at least February 6, 2019, that by providing such instructs and support, resellers and end-use customers follow these instructions and support and directly infringe the Asserted Patents.

*Id.* at ¶ 68. At no point does the Amended Complaint allege a claim for pre-suit induced infringement against Defendant. Furthermore, such pleadings are entirely appropriate. *See, e.g., Tierra Intelectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*, No. 2:13-CV-44-JRG, 2014 WL

14

1233040, at *2 (E.D. Tex. Mar. 24, 2014) ("[B]ecause [the plaintiff] has alleged post-suit knowledge, it has properly pled induced infringement with respect to [accused] phones distributed after service of the Complaint."); *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-cv-00294-JRG-RSP, 2013 WL 693955, at *2 (E.D. Tex. Jan. 10, 2013) (stating that "there is no requirement to allege pre-suit knowledge of the patent to state a claim for contributory infringement").

Using the same flawed logic, Defendant attempts—unsuccessfully—to argue that "the Amended Complaint fails to support a plausible inference that Vivint specifically intended to cause its customers to infringe the asserted patents." Memo at 16. For the same reasons as addressed above, this argument should be rejected outright. The Amended Complaint more than meets the standard set forth in *In re Bill of Lading* and as restated by *Core Wireless Licensing*. 2015 U.S. Dist. LEXIS 107354, at *9. First, the Amended Complaint more than adequately pleads direct infringement by Defendant's end-users. *Supra* at 6-12. Second, it contains numerous factual allegations that since at least the date of filing of the Original Complaint, February 6, 2019, Defendant has specifically intended that its customers infringe the Asserted Patents. Amended Complaint at ¶ 67 (Alleging that Defendant has had knowledge of the Asserted Patents since February 6, 2019 and has continued to induce its customers to continue to use the Accused Instrumentality in a manner that infringes the Asserted Patents since that date). Finally, the Amended Complaint alleges that since the filing of the Original Complaint, which contained detailed factual allegations putting Defendant on notice that the use of the Accused Instrumentality by its customers constituted acts of infringement, Defendant has been aware that such acts constituted acts of infringement. *Id.* at ¶¶ 65-69. Defendant cannot in good faith argue that it has not been aware (1) aware of the Asserted Patents; (2) aware of Plaintiffs' claims of infringement

15

and; (3) aware that its customers acts constituted direct infringement of the Asserted Patents. The facts of this case render any argument to the contrary entirely without merit. As such, this Court should reject such specious arguments and deny Defendant's Motion.

## IV.    CONCLUSION

For the foregoing reasons, this Court should deny Defendant's Motion. Plaintiffs have already provided Defendant with their Local Patent Rule 3-1 and 3-2 disclosures, including the detailed infringement charts required by Local Patent Rule 3-1(a)(3). As such, Defendant has notice of the factual basis for Plaintiffs' claims of both direct and induced infringement, thus rendering Defendant's entire Motion moot. Further, even if this Court were to ignore this critical fact, the Amended Complaint more than sufficiently alleges a plausible claim for relief of direct infringement against Defendant. Defendant's arguments to the contrary are simply factually incorrect at best. Similarly, the allegations related to indirect infringement are limited acts which occurred after the filing of the Original Complaint which provided Defendant notice of the Asserted Patents, notice that the Accused Instrumentality infringed the Asserted Patents, and notice that its end user customers infringed the Asserted Patents. As such, the Amended Complaint more than adequately alleges a plausible claim for induced infringement. Defendant's claims to the contrary are unavailing.    As such, Defendant's Motion must be denied its entirety. If this Court does not do so Plaintiffs respectfully request leave to amend their complaint to address any pleading deficiencies.

DATED July 3, 2019.                        Respectfully submitted,

                                           By: */s/ Stevenson Moore*
                                           Timothy T. Wang
                                           Texas Bar No. 24067927
                                           twang@nilawfirm.com
                                           Stevenson Moore V
                                           Texas Bar No. 24076572
                                           smoore@nilawfirm.com

                                           **Ni, Wang & Massand, PLLC**
                                           8140 Walnut Hill Ln., Ste. 500
                                           Dallas, TX 75231
                                           Tel: (972) 331-4600
                                           Fax: (972) 314-0900

                                           **ATTORNEYS FOR PLAINTIFFS
                                           PORTUS SINGAPORE PTE LTD. AND
                                           PORTUS PTY LTD.**

## CERTIFICATE OF SERVICE

        I hereby certify that on the 3rd day of July, 2019, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, Dallas Division, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                           */s/ Stevenson Moore*
                                           Stevenson Moore